Case 2:20-cv-00146 Document 42 Filed on 08/31/20 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN A MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-146 |
| | § | |
| ISAAC KWARTING, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
THE OFFICE OF THE ATTORNEY GENERAL'S MOTION TO DISMISS**

Plaintiff Juan A. Moreno, an inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is an Advisory filed by the Office of the Attorney General (OAG) in its capacity as *amicus curiae*. (D.E. 35). The undersigned construes the OAG's Advisory as a Motion to Dismiss this action pursuant to the three strikes provision of 28 U.S.C. § 1915(g). For the reasons set forth below, it is respectfully recommended that this motion be **DENIED**.

**I. BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently residing at the Estelle Unit in Huntsville, Texas. The facts giving rise to Plaintiff's claims in this lawsuit occurred during Plaintiff's previous assignment to the McConnell Unit in Beeville, Texas.

Plaintiff sues the following defendants in his original complaint: (1) Dr. Isaac Kwarteng; (2) Medical Physician Erick Echavarry; (3) Optometrist Steven Steger; (4) Mental Psychotherapist Daniel Vivis; and (5) Counsel Substitute Donna Bryant. (D.E.

1). On June 2, 2020, the undersigned directed that Plaintiff's original complaint be served on each named defendant. (D.E. 9).

On June 17, 2020, Plaintiff filed a motion to amend his complaint along with a "Proposed Amended Complaint." (D.E. 12). Plaintiff also filed a lengthy memorandum in support of his Motion to Amend. (D.E. 13). In his amended complaint, Plaintiff sought to add allegations against the named defendants as well as offer new allegations against other McConnell Unit officials.

On June 18, 2020, the undersigned granted Plaintiff's motion to amend. (D.E. 14). Due to difficulties encountered in evaluating Plaintiff's claims in the "Proposed Amended Complaint," the undersigned ordered it not to be filed and, therefore, struck it from the record. (D.E. 14, pp. 2-3). Lastly, the undersigned directed Plaintiff to file an Amended Complaint and present all of his claim therein. (D.E. 14, p. 3).

On July 17, 2020, Plaintiff filed his Amended Complaint as well as a brief in support of his Amended Complaint. (D.E. 22, 23). In these pleadings, Plaintiff named the following McConnell Unit officials in their individual and official capacities: (1) Dr. Kwarteng; (2) Medical Physician Echavarry; (3) Practice Manager Lisa Kendra; (4) Practice Manager Tanya Lawson; (5) Optometrist Steger; (6) Law Library Coordinator Candace Moore; (7) Law Library Assistant Megan Thompson; (8) Mental Psychotherapist Vivis; (9) Mental Health Provider Daniel Dominguez; (10) Captain S.

Placido; (11) Counsel Substitute Bryant; and (12) Assistant Warden Miller. (D.E. 22, pp. 2-4; D.E. 23, p. 3).[1]  Plaintiff seeks declaratory, injunctive, and monetary relief.

## II.   DISCUSSION

The OAG has filed an Advisory, asserting that Plaintiff has accumulated three strikes under 28 U.S.C. §1915(g) and should, therefore, not be allowed to proceed *in forma pauperis*. (D.E. 35, pp. 2-5).  The OAG further contends that this action does not fall within the narrow "imminent danger" exception to the three-strikes provision. (D.E. 35, pp. 5-7).

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule.  28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).  The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

In its Advisory, the OAG lists the following three cases which it believes count as strikes: (1) *Moreno v. Stephens*, 2:15-cv-70 (S.D. Tex. 2015) (*Moreno v. Stephens I*); (2)

---

[1] As Plaintiff sues several new defendants in his Amended Complaint, the undersigned will issue a separate supplemental order of service in this case.

*Moreno v. Stephens*, 5:15-CV-98 (W.D. Tex. 2015) (*Moreno v. Stephens II*); and (3) *Moreno v. Davis, et al.*, No. 2:16-cv-543 (S.D. Tex. 2018) (*Moreno v. Davis*). (D.E. 35). Contrary to the OAG's contentions, neither the first nor third case should count as a strike.

In the first case, Plaintiff sought relief through a federal habeas corpus action filed under 28 U.S.C. § 2254. (*Moreno v. Stephens I*, D.E. 1). He claimed therein that his due process rights were violated in a disciplinary hearing which resulted in the imposition of punishment. The Court granted the respondent's motion for summary judgment and denied Plaintiff federal habeas relief. (*Id.*, D.E. 16, 17).

The Fifth Circuit has held that the PLRA's three-strikes provision of § 1915(g) does not apply to habeas corpus petitions under § 2254. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). As recognized in *Carson*, "applying the three strikes provision to habeas petitions would be contrary to a long standing tradition of ready access of prisoners to federal habeas corpus." *Id.* (internal quotations and citations omitted). Because *Moreno v. Stephens I* was filed as a § 2254 federal habeas action, it does not count as a strike pursuant to § 1915(g).

In the third case cited by the OAG, Plaintiff filed a prisoner civil rights action under § 1983 and alleged primarily that several prison officials acted with deliberate indifference to his serious medical needs. (*Moreno v. Davis*, D.E. 1). The Court dismissed some of Plaintiff's claims as frivolous and/or for failure to state a claim for relief. (*Id.*, D.E. 11, 81). The Court retained other claims and dismissed them with prejudice at the summary judgment stage. (*Id.*, D.E. 76, 81).

Because only some but not all of Plaintiff's claims in *Moreno v. Davis* were dismissed as frivolous and/or for failure to state a claim for relief at the pleading stage, that case does not count as a strike under § 1915(g).  *See Brown v. Megg*, 857 F.3d 287, 291-92 (5th Cir. 2017) (citations omitted) (noting a strike is issued only when the entire case is dismissed for enumerated grounds at the pleading stage, that is for being frivolous, malicious, or failing to state a claim); *Hale v. Collier*, 690 F. App'x 247, 248 (5th Cir. 2017) (explaining that "[a] claim dismissed on summary judgment should not be awarded a strike" pursuant to § 1915(g)).  Because Plaintiff has not accumulated three strikes prior to filing the instant action, he may proceed *in forma pauperis* with this case.

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the OAG's Advisory, construed as a Motion to Dismiss this action pursuant to three strikes provision of 28 U.S.C. § 1915(g) (D.E. 35), be **DENIED**.

Respectfully submitted this 31st day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).