United States District Court
Southern District of Texas
**ENTERED**
November 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JUAN A MORENO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-146 |
| § | |
| ISAAC KWARTING, *et al*, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING MEMORANDA AND RECOMMENDATIONS
AND AFFIRMING ORDERS REGARDING THE FILING FEE
AND DENIAL OF COURT-APPOINTED COUNSEL**

The Court referred this civil rights matter to United States Magistrate Judge Julie K. Hampton for pretrial management pursuant to 28 U.S.C. § 636(b)(1). Before this Court are four matters, sometimes presented in repetitive and unclear filings. In addressing each matter, the Court first sets forth the relevant documents and then discusses the issues.

**I.  Relief from Filing Fees**

- Motion to Proceed *In Forma Pauperis* (IFP) (D.E. 2);
- Initial Partial Filing Fee and Collection Order (D.E. 8), granting IFP status, waiving the initial partial filing fee and ordering collection of the remaining $350 in monthly installments from Plaintiff's trust account;
- Second Motion to Proceed IFP (D.E. 24);
- Order (D.E. 25) denying application (D.E. 24) as moot because relief was already granted;
- Request for free record to appeal (D.E. 39);
- Notice of Appeal (D.E. 40, incorrectly referencing D.E. 31) complaining of denial of IFP status;

- Order (D.E. 43), construing the Notice of Appeal (D.E. 40) as a third motion for IFP status and again denying it as moot; and
- Objections (D.E. 45)[1], complaining of the alleged denial to appeal the IFP status to the Fifth Circuit and denial of a free record on appeal.

Because this Court referred pretrial proceedings to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Hampton had authority to rule on the request for IFP status as a non-dispositive matter.[2] Such non-dispositive matters are final unless objections are timely filed. Fed. R. Civ. P. 72(a). Review is then available in this Court, with Plaintiff's burden being to show that the decision is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 72(a).

As the record outlined above reflects, Plaintiff sought and was granted status to proceed IFP. This only entitles him to proceed without prepaying the initial $50.00 filing fee. The balance of the fee must be paid. 28 U.S.C. § 1915(b). However, Plaintiff objects on three grounds. He seeks further relief in the form of an exemption from the $350.00 balance of his filing fee, he objects that he has been denied a Fifth Circuit appeal of the matter, and he objects that he has not received a free record on which to appeal issues to the Fifth Circuit. The objections have no merit.

---

[1] Plaintiff filed two nearly identical sets of objections. The first, D.E. 45, is presented in the context of the District Court's referral of pretrial management to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). The second, D.E. 46, is presented as if the parties had consented to submit the entire case to the Magistrate Judge under 28 U.S.C. § 636(c) and Rules 73(d) and 75 (abrogated) or seeking withdrawal of the reference to the Magistrate Judge. The parties did not consent under § 636(c) and Plaintiff states no basis for the withdrawal of any reference. Therefore, the Court considers only the objections as stated in D.E. 45.

[2] The statutory exceptions to the magistrate judge's power to enter a definitive ruling include the following matters: a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

The Magistrate Judge ruled that Plaintiff has received all the relief that IFP status provides. Plaintiff's submissions since then have only repeated the evidence on which he was granted IFP status and the relief that has already been granted. He has failed to provide any authority for the proposition that IFP status allows him to avoid paying the balance of his fee as required by 28 U.S.C. § 1915(b). For this reason, he has failed to sustain his burden on review and the Court OVERRULES his objection and AFFIRMS the Magistrate Judge's Orders (D.E. 8, 25).

Because any appeal of the Magistrate Judge's Order is first directed to the District Court's jurisdiction, Plaintiff's notice of appeal (D.E. 40) invoked only this Court's review. While the Magistrate Judge incorrectly construed it as a third motion for IFP status, Plaintiff has not been denied review by the Fifth Circuit Court of Appeals as he suggests in his objections (D.E. 45, 46). And because he has not yet appealed the matter to the Fifth Circuit, he has not been denied a free record in that regard. The Court thus OVERRULES Plaintiff's objections that this Court or the Magistrate Judge denied him his appellate remedies and his record as an IFP appellant. Plaintiff remains free to properly invoke those remedies pursuant to the rules of civil and appellate procedure.

## II.   Court-Appointed Counsel

- Plaintiff's Motion for Appointment of Counsel (D.E. 21);
- Magistrate Judge's Order denying motion (D.E. 26);
- Plaintiff's objection to the Order denying motion, docketed three times—
    - as an objection to the Order (D.E. 30),
    - as a notice of appeal to the Fifth Circuit, later corrected as having been incorrectly docketed (D.E. 31), and

- - o as an appeal to the District Court (D.E. 33);
  - District Court's Order (D.E. 44) overruling Plaintiff's objections; and
  - Plaintiff's objections to the denial of an appeal of the matter to the Fifth Circuit (D.E. 45).

As the record outlined above reflects, Plaintiff requested court-appointed counsel. The Magistrate Judge denied the request and, on review, this Court overruled Plaintiff's objections and affirmed the denial of the request. D.E. 44. Plaintiff objects to having been denied an appeal of this matter to the Fifth Circuit (D.E. 45, 46), but he has not yet invoked such an appeal according to the rules of civil and appellate procedure. The objection is OVERRULED.

### III. Defendants' Motion to Dismiss

- Motion to Dismiss (D.E. 35); and
- Memorandum and Recommendation (M&R) (D.E. 42), recommending denial of the motion to dismiss.

With respect to a dispositive matter, including a motion for involuntary dismissal, a magistrate judge issues a memorandum and recommendation setting out the findings of fact and conclusions of law intended to support the district judge's ruling. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). By statute, the parties have fourteen days to object to a memorandum and recommendation. 28 U.S.C. § 636(b)(1)(C); *see also*, Fed. R. Civ. P. 72(b). Thereafter, the district court adopts, rejects, or modifies the findings of fact and conclusions of law in the memorandum and recommendation and issues a final ruling. The district court must take the final step on dispositive matters and issue the

order under its own authority, regardless of whether objections are filed. *See* § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Pursuant to this procedure, Magistrate Judge Hampton issued her Memorandum and Recommendation to Deny the Office of the Attorney General's Motion to Dismiss (D.E. 42). The motion (D.E. 35) was based on the three strikes rule by which a plaintiff may be denied the right to proceed IFP due to three prior frivolous filings. The Magistrate Judge determined that two of the three cases on which the motion relied for three strikes were not, in fact, strikes as defined by the law. Thus, the Magistrate Judge recommends denying the motion.

Despite notice and an opportunity to object to the Memorandum and Recommendation (D.E. 42), no objections were timely filed. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. After due consideration, the Court is satisfied that there is no clear error on the face of the record and accepts the magistrate judge's memorandum and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)). The M&R is adopted as the Court's own findings of fact and conclusions of law and the motion to dismiss (D.E. 35) is DENIED.

### IV. Plaintiff's Motion for Summary Judgment

- Motion for Summary Judgment (D.E. 34);
- M&R (D.E. 37), recommending denial of summary judgment without prejudice as premature; and
- Objections to the M&R (D.E. 45).

Plaintiff filed a motion for summary judgment suggesting that he is entitled to judgment on the merits of his claims. The Magistrate Judge, in her M&R, disagreed because many Defendants have not been served, no Defendants have answered or filed responsive pleadings, no scheduling order has been issued, and no party has had an opportunity to conduct discovery. The M&R recommends that the summary judgment motion be denied as premature.

Plaintiff's objections (D.E. 45, 46) contain a discussion of the merits of his motion, but do not address the operative holding that the motion is premature. After due consideration, the Court agrees with the M&R's findings of fact and conclusions of law demonstrating that Plaintiff's motion is premature. The motion for summary judgment is DENIED WITHOUT PREJUDICE. Plaintiff may reassert his motion after Defendants have been served, answered or responded to the complaint, and have had an opportunity to conduct discovery.

ORDERED this 13th day of November, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE