Case 2:20-cv-00146 Document 76 Filed on 11/23/21 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JUAN A MORENO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-00146 |
| § | |
| ISAAC KWARTING[1], *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pending before the Court are Magistrate Judge Julie K. Hampton's Memorandum and Recommendation (M&R) (D.E. 65) and Plaintiff Juan Moreno's Objection to M&R (D.E. 66), Memorandum of Law in Support of American with Disabilities Act (ADA) (D.E. 71), and a supplement[2] (D.E. 72), all of which are construed as objections to the M&R. The M&R recommends that the Court grant all aspects of Defendants' motions to dismiss. D.E. 65, pp. 1, 31–32 (citing D.E. 48, 49). The M&R further recommends that the Court: (1) dismiss with prejudice Plaintiff's claims against Defendant Lisa Kendra (D.E. 22, 23); (2) decline to exercise supplemental jurisdiction over Plaintiff's state law negligence and medical malpractice claims (D.E. 22, 23); (3) dismiss Plaintiff's Motion for Default Judgment (D.E. 55); and deny Plaintiff's motions effectively seeking preliminary

---

[1] Named Defendant Kwarting's correct legal surname is spelled "Kwarteng," as noted by Defendants in D.E. 49, p. 1 n.1. The Court, therefore, uses the correct spelling throughout the remainder of the Order, but keeps the case name so as not to risk the case's misidentification.

[2] To the extent that the supplement is intended as a supplement to his complaint, it is filed without leave of court and is not considered for that purpose.

injunctive relief (D.E. 57, 58, 62, 64). For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's M&R in all respects.

## LEGAL STANDARDS

**Magistrate Judge Recommendations.** The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[3] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

**Pro Se Documents.** A "handwritten pro se document is to be liberally construed," and "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, "The right of

---

[3] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]"); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam)).

## DISCUSSION

The Court reviewed Plaintiff's filings, including his objections (D.E. 66), memorandum of law (D.E. 71), and supplement (D.E. 72), all of which are construed as objections to the M&R. Despite careful review of Plaintiff's briefing, the Court finds it largely incoherent and unsupported by the record. In sum, Plaintiff:

1. Recounts portions of the M&R;
2. Recounts portions of his pleadings;
3. Recounts portions of previously-filed motions and responses;
4. Appears to ask for an extension of time for appeal when the time for appeal will not begin to run until judgment is entered;
5. Discusses cases with no apparent application and without demonstrating how they relate to the Magistrate Judge's analysis; and
6. Complains that the Magistrate Judge is biased.

Plaintiff does not state a factual or legal basis for how the M&R is incorrect. Nor does he cite to authority that is contrary to the M&R's analysis. These objections are insufficient to warrant a de novo review by this Court.

At no time does Plaintiff demonstrate any error in the Magistrate Judge's reasoning or conclusions that: (a) there is no basis for injunctive relief against the McConnell Unit

because Plaintiff is no longer housed there (D.E. 65, pp. 5–6); (b) all claims against Defendants Moore, Thompson, Lawson, Dominguez, Daniel, Samaniego, and Bryant and some claims against Defendants Kwarteng, Echavarry, Steger, and Miller are not related to the slip and fall that supplies the main basis for Plaintiff's claims and are thus misjoined (*Id.* at 6–8, 13–18); (c) Defendant fails to state a constitutional or statutory (ADA) claim for relief against Defendants Kwarteng, Echavarry, Steger, Miller, and Kendra regarding the slip and fall incident (*Id.* at 10–12, 18–21, 23–27); (d) Plaintiff fails to state a claim against Defendant Kendra (*Id.* at 26–27); (e) a federal court may decline to exercise supplemental jurisdiction over state law claims when the court has dismissed all claims over which it has original jurisdiction (*Id.* at 27–28); (f) Defendants are entitled to qualified and Eleventh Amendment immunity as to Plaintiff's § 1983 claims (*Id.* at 21–23); (g) Plaintiff is not entitled to default judgment in this case (*Id.* at 28); and (h) the Court should not issue injunctive relief against Estelle Unit operators for the factual, legal, and public policy reasons cited in the M&R (*Id.* at 28–31). The Court **OVERRULES** Plaintiff's objections, if any, to the Magistrate Judge's analysis and result regarding the above-mentioned recommendations.

The only specific objection Plaintiff asserts is that the Magistrate Judge's recommendation is biased. The Court reviewed the Magistrate Judge's well-reasoned and comprehensive M&R, which indicates: (1) the Magistrate Judge's thorough review of the facts and arguments presented by Plaintiff in his filings, and (2) no evidence that the

Magistrate Judge was biased in reaching the recommended result. Therefore, the Court **OVERRULES** this objection.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Moreno's objections and **ADOPTS** the Magistrate Judge's findings and conclusions.

The Court **GRANTS** the motions to dismiss filed by Defendants Lawson, Dominguez, Moore, Thompson, Samaniego, Miller, Kwarteng, Echavarry, Steger, Daniel, and Bryant (D.E. 48, 49) in their entirety and as follows:

>    (1) (a) Plaintiff's deliberate indifference claims against Defendants Kwarteng, Echavarry, and Steger, arising from his June 20, 2019 slip and fall, are **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for relief; and (b) the remaining claims against Defendants Kwarteng, Echavarry, and Steger are **DISMISSED WITHOUT PREJUDICE** on the basis of improper joinder under Rules 18(a) and 20.
>
>    (2) Plaintiff's claims against Defendants Moore, Thompson, Lawson, Dominguez, Daniel, Samaniego, and Bryant are **DISMISSED WITHOUT PREJUDICE** on the basis of improper joinder under Rules 18(a) and 20.
>
>    (3) (a) Plaintiff's claims against Defendant Miller arising from his June 20, 2019 slip and fall are **DISMISSED WITH PREJUDICE** for failure to state a claim for relief; and (b) the remaining claims against Defendant Miller are **DISMISSED WITHOUT PREJUDICE** on the basis of improper joinder under Rules 18(a) and 20.
>
>    (4) (a) Plaintiff's ADA claim related to medical care arising from the June 20, 2019 slip and fall is **DISMISSED WITH PREJUDICE** for failure

to state a claim for relief; and (b) the remaining portion of Plaintiff's ADA claim is **DISMISSED WITHOUT PREJUDICE** on the basis of improper joinder under Rules 18(a) and 20.

(5) Plaintiff's requests for injunctive relief are **DISMISSED** as moot.

It is also **ORDERED** that Plaintiff's claims against Defendant Lisa Kendra are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence and medical malpractice and they are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's Motion for Default Judgment (D.E. 55) is **DENIED**.

Plaintiff's motions for preliminary injunctive relief (D.E. 57, 58, 62, 64) are **DENIED**.

This action is **DISMISSED** in its entirety.

ORDERED on November 23, 2021.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE